Cohen, D
Floyd, S

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED
2004 APR 26 A 10:58
CASE F... CIVIL

MARKETING AND MANAGEMENT INFORMATION, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Case No. 99-194C
(Judge Bruggink)

**PLAINTIFF'S RESPONSES TO DEFENDANT'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 33 of the United States Court of Federal Claims ("RCFC"), Plaintiff, Marketing and Management Information, Inc. (hereinafter "MMI"), hereby submits its objections and responses to Defendant's Third Set of Interrogatories and Requests for Production of Documents, served on March 18, 2004. MMI reserves the right to supplement its responses further if necessary, including any objections that may apply, based upon any additional documents and information that may be discovered subsequent to providing these responses.

GENERAL OBJECTIONS TO INTERROGATORIES

1. MMI objects to the interrogatory to the extent that it purports to impose on MMI obligations that differ from or exceed those imposed by the RCFC.

2. MMI objects to the interrogatory to the extent that it requires disclosure of any information protected by the attorney-client privilege or attorney work product doctrine.

3. MMI objects to the interrogatory to the extent that it calls for legal conclusions.

4. MMI objects to the interrogatory to the extent that it seeks proprietary or confidential information. Responses to such interrogatories will be made subject to the Protective Order entered by the Court.

5. MMI objects to the interrogatory to the extent that the "Definitions" or "Instructions" are vague, ambiguous, uncertain, unreasonable, overly broad, duplicative, unnecessarily complex, unduly burdensome or oppressive, or purport to impose on MMI duties different from or in addition to those imposed by the RCFC. Subject to and without waiving the foregoing general objections, MMI asserts the following additional objections to individual Definitions and Instructions:

a. MMI objects to the definition of "plaintiff," "you," or "your" as set forth in Definition 1 on the grounds that (a) they exceed the permissible scope of discovery under RCFC; (b) they are too vague to apply; and (c) they are unduly burdensome and oppressive. MMI responds on behalf of itself and any directors, officers, employees, and agents acting on its behalf.

b. MMI objects to the definition of "identify" as set forth in Definition 4 to the extent that it purports to impose on MMI obligations that differ from or exceed those imposed by the Federal Rules.

c. MMI further objects to the definition of "identify" as set forth in Definition 4 to the extent that it purports to require the disclosure of individuals' home addresses on the grounds that it is unduly oppressive as an unwarranted invasion of privacy and purports to require the disclosure of information that is not relevant or likely to lead to the discovery of admissible evidence.

d. MMI further objects to the definition of "identify" as set forth in Definition 4 to the extent that it purports to require MMI to provide separately information that is indicated on the face of documents on the grounds that it is unduly burdensome and oppressive.

e. MMI objects to the definitions of "the name of a company or the designation of a party" as set forth in Definition 5 on the grounds that (a) they exceed the permissible scope of discovery under the RCFC; (b) they are too vague to apply; and (c) they are unduly burdensome and oppressive. MMI responses that refer to the name of a company, corporation, or party will include the company, corporation, or party and its employees, agents, directors, and officers.

f. MMI objects to the definition of "explain in detail," "describe in detail," "state each fact," and "state all facts" as set forth in Definition 7 on the grounds that: (a) to the extent that it requires the production of documents that are privileged, it exceeds the scope of permissible discovery under RCFC; (b) to

the extent it requires production of documents that are not in the actual possession, custody, or control of MMI, it exceeds the scope of permissible discovery under RCFC; and (c) to the extent that it requires the location and production of multiple copies, it is unduly burdensome and oppressive because documents may have been distributed to a number of persons within the offices of MMI.

g. MMI objects to the instruction to "furnish all information" "including information known by or in the possession of yourself, your employees, subcontractors, experts, plaintiff's attorney, or appearing in your documents" as set forth in Instruction 1 on the grounds that (a) to the extent that it requires the production of information or documents that are privileged, it exceeds the scope of permissible discovery under RCFC; and (b) to the extent it requires production of information that is not known by or documents that are not in the actual possession, custody, or control of MMI, it exceeds the scope of permissible discovery under RCFC.

6. MMI objects to the interrogatory to the extent that it seeks information that is not in the possession, custody or control of MMI.

7. MMI will make reasonable efforts to respond to the interrogatory based on a fair and reasonable interpretation of the request. MMI reserves the right to supplement its responses in accordance with RCFC 26.

INTERROGATORY NO. 42:

State the date upon which you contend that the Government breached the Contract at issue in this case. With respect to such date:

(a) State all facts that support your contention that the breach occurred on such date; and

(b) Identify all documents and other evidence that support your contention that the breach occurred on such date.

RESPONSE:

MMI reasserts its General Objections as though fully set forth herein.

In addition, MMI objects to this interrogatory to the extent that it seeks information protected as attorney work product or by the attorney-client privilege. MMI further objects to the extent that it calls for legal conclusions.

MMI further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose on MMI obligations that differ from and/or exceed those imposed by the RCFC.

MMI further objects to this interrogatory on the grounds that it seeks information from persons or entities that are not subject to MMI's control.

MMI further objects to this interrogatory to the extent that the response to this interrogatory, in whole or in part, may be derived or ascertained from documents in the possession of or previously produced to MMI by Defendant and is thus as accessible to Defendant as to MMI, pursuant to RCFC 33(c). Therefore, the burden of deriving or ascertaining the information requested is substantially the same on Defendant as on MMI.

Subject to and without waiver of the foregoing general and specific objections, MMI responds that it contends that the contract at issue was breached on April 1, 1996, when DeCA refused to perform its obligations under the contract notwithstanding the expiration of the prior contract with MMI. MMI further contends, in the alternative, that the contract was breached no later than September 30, 1996, when DeCA officially canceled the solicitation.

In identifying specific facts and documents/evidence, MMI does not purport to exhaust all facts and documents/evidence that are potentially supportive of this contention or are potentially relevant to any rejoinder DeCA may offer thereto. Nor does MMI represent that the facts and documents/evidence identified herein are necessarily relevant to ascertaining the correct date of breach. Moreover, MMI expressly reserves the right to identify additional facts and documents/evidence and to supplement its response at a later time, up to and including the time of trial. The facts and documents/evidence identified herein are those that currently underlie and inform MMI's position with respect to the actual the date of breach.

With respect to facts that may be relevant to MMI's contention, MMI notes that:

(i) by the terms of the solicitation, DeCA was obligated to perform its obligations under the contract at issue beginning on January 1, 1996;

(ii) DeCA then extended the prior contract with MMI for three months beyond the end of 1995, until March 31, 2001;

(iii) DeCA on April 1, 1996 did not provide MMI with exclusive rights to the commissary data to which MMI was entitled, thereby failing to perform its obligations under the contract;

(iv) by way of a September 30, 1996 letter to MMI, DeCA stated its official cancellation of the solicitation;

(v) DeCA represented to the Federal Circuit that its September 30, 1996 letter reflected its "termination for convenience" as of that date, on which basis the Federal Circuit dismissed MMI's appeal of the GSBCA's protest decision as moot.

With respect to documents/evidence that may be relevant to MMI's contention, MMI notes:

(i) DeCA's draft Request for Proposal, dated October 24, 1994;

(ii) DeCA's Request for Proposal No. DECA01-94-R-0068 ("solicitation") and Cover Letter to same, dated June 1, 1995;

(iii) MMI Proposal (in Response to Request for Proposals No. DeCA01-94-R-0068), dated August 10, 1995;

(iv) DeCA Contract DECA01-96-S-0001, dated October 26, 1995;

(v) DeCA's letter to MMI canceling the solicitation, dated September 30, 1996;

(vi) The decision of the Federal Circuit in *MMI v. Beale*, No. 96-1270, 97-1170, dated May 19, 1998, and the pleadings submitted in that case;

(vii) DeCA's notice of termination of the solicitation, dated June 12, 1998.

REQUESTS FOR PRODUCTION

REQUEST NO. 1: All documents, including but not limited to employment letters, which describe the work performed by the individuals identified in Schedule 1-5a of Attachment E to the Expert Report of Tucker Alan, Inc., dated January 23, 2004, as amended.

RESPONSE:

MMI objects to this request to the extent that it requests information protected by the attorney-client or the attorney work product privilege or any statutes or regulations providing for protection or non-disclosure of documents or information. MMI further objects to this request to the extent that it fails to designate the documents whose production is requested with reasonable particularity as required by the RCFC. Without waiving these objections, MMI responds that all documents that it has found that respond to this request and are not privileged will be provided at a mutually agreeable time.

REQUEST NO. 2: All documents, including but not limited to employment letters, which describe the work performed by the individuals identified in Schedule 1-11b of Attachment E to the Expert Report of Tucker Alan Inc., dated January 23, 2004, as amended.

RESPONSE:

MMI objects to this request to the extent that it requests information protected by the attorney-client or the attorney work product privilege or to the extent that it requests information that is proprietary or confidential information relating to MMI's clients. MMI further objects to this request to the extent that it fails to designate the documents whose production is requested with reasonable particularity as required by the RCFC.

Without waiving these objections, MMI responds that all documents that it has found that respond to this request and are not privileged will be provided at a mutually agreeable time.

<u>REQUEST NO. 3</u>: All contracts, agreements, invoices, and other documents which pertain to, describe, and otherwise relate to the work performed by EMS, Tierney Retail, and Individual Scanner Data Gathering.

<u>RESPONSE</u>:

MMI objects to this request to the extent that it requests information protected by the attorney-client or the attorney work product privilege or to the extent that it requests information that is proprietary or confidential information relating to MMI's clients. MMI further objects to this request to the extent that it fails to designate the documents whose production is requested with reasonable particularity as required by the RCFC. Without waiving these objections, MMI responds that all documents that it has found that respond to this request and are not privileged will be provided at a mutually agreeable time.

<u>REQUEST NO. 4</u>: All contracts, agreements, invoices, and other documents which pertain to, describe, and otherwise relate to the work performed by the Consultants identified in Schedule 1-11a of Attachment E to the Expert Report of Tucker Alan, Inc., dated January 23, 2004, as amended.

<u>RESPONSE</u>:

MMI objects to this request to the extent that it requests information protected by the attorney-client or the attorney work product privilege or to the extent that it requests information that is proprietary or confidential information relating to MMI's clients.

MMI further objects to this request to the extent that it fails to designate the documents whose production is requested with reasonable particularity as required by the RCFC. Without waiving these objections, MMI responds that all documents that it has found that respond to this request and are not privileged will be provided at a mutually agreeable time.

REQUEST NO. 5: The document to which Thomas Speicher referred on pages 184 through 185 of his deposition transcript dated March 5, 2004.

RESPONSE:

MMI objects to this request to the extent that it requests information protected by the attorney-client or the attorney work product privilege or to the extent that it requests information that is proprietary or confidential information relating to MMI's clients. Without waiving these objections, MMI responds that all documents that it has found that respond to this request and are not privileged will be provided at a mutually agreeable time.

I swear under penalty of perjury that the foregoing answers to Defendant's Interrogatories are true and correct.

Dated: April 19, 2004

Charles J. Cooper / by Vincent J. Colatriano

Charles J. Cooper
Counsel of Record
COOPER & KIRK, PLLC
Suite 200
1500 K Street, NW
Washington, DC 20005
(202) 220-9600

Of Counsel:

Vincent J. Colatriano
Derek L. Shaffer
COOPER & KIRK, PLLC
Suite 200
1500 K Street, NW
Washington, DC 20005
(202) 220-9600

As to objections noted herein:

Charles J. Cooper /by Vincent J. Colatriano
Charles J. Cooper
Counsel of Record
COOPER & KIRK, PLLC
Suite 200
1500 K Street, NW
Washington, DC 20005
(202) 220-9600

Of Counsel:

Vincent J. Colatriano
Derek L. Shaffer
COOPER & KIRK, PLLC
Suite 200
1500 K Street, NW
Washington, DC 20005
(202) 220-9600

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on April 19, 2004, I caused the foregoing document to be served by facsimile and First Class mail on the following counsel:

Sheryl Floyd
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., NW
Washington, DC 20530
Fax (202) 307-0972

Stephanie Sherman

**NOTICE OF FILING UNDER SEAL**

**Pages 98 through 261, of Defendant's Appendix are subject to the Court's protective order. Therefore, they are filed under seal.**