IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARKETING AND MANAGEMENT INFORMATION, INC., Plaintiff, | ) | |
| v. | ) | Case No. 99-194c (Sr. Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIFTH SET OF INTERROGATORIES AND FOURTH
REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Rules of the Court of Federal Claims, defendant submits the following response to plaintiff's, Marketing and Management Information, Inc.'s (MMI), Interrogatories Nos. 26 through 31 and Production Request Nos. 1 through 7. Discovery is continuing and defendant reserves the right to supplement its response, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to providing these responses.

Defendant objects to each and every interrogatory and request for production of documents to the extent that they are vague, ambiguous, unreasonable, overly broad, duplicative, unnecessarily complex, unduly burdensome or oppressive. Defendant also objects that MMI's Interrogatories Nos. 26 through 31 are premature. Defendant has not completed its discovery in this case nor has it determined which witnesses

INTERROGATORY 27

State the date on which you contend that Defendant's breach of Contract at issue in this case occurred, and with respect to such date:

(a) State all facts that support your contention that the breach occurred on such date; and

(b) Identify all documents and other evidence that support your contention that the breach occurred on such date.

RESPONSE:

Objection, to the extent that this interrogatory seeks to invade the attorney-client and/or the attorney work product privileges and to the extent that it calls for a legal conclusion, rather than a statement of facts. Additionally, this interrogatory is overbroad, vague, and burdensome. Without waiving these objections, defendant responds as follows:

Based upon the Court's conclusion in Marketing and Management Information, Inc. v. United States, 57 Fed. Cl. 665 (2003), that the Government breached the Contract, the defendant contends that the breach occurred no earlier than June 12, 1998. This contention is based upon the following facts: DeCA awarded the three-year Contract to MMI in October

1995 to commence on January 1, 1996, and to terminate on December 31, 1998. The Contract also had two one-year options. In November 1995, a disappointed bidder, ACNielsen, filed a bid protest over the award of the contract at the GSBCA. MMI intervened in the bid protest on the side of the Government. In February 1996, the GSBCA sustained the protest and held the contract to be void *ab initio*. In March 1996, MMI appealed the decision of the GSBCA to the United States Court of Appeals for the Federal Circuit. In September 1996, because there was no quick action from the Federal Circuit on MMI's appeal, the Defense Commissary Agency (DeCA) issued Amendment No. 2 and cancelled the solicitation.

As a consequence of the cancellation of the solicitation, defendant filed a motion to dismiss MMI's appeal as moot. In May 1998, the Court of Appeals dismissed MMI's appeal upon the grounds that the withdrawal of the solicitation, in accordance with the September 1996 Amendment No. 2, rendered the question of the propriety of the original solicitation moot. The Federal Circuit, then, vacated the decision of the GSBCA that the contact was void *ab initio*. In June 1998, the Government purported to terminate the contract based upon an implied termination for convenience clause.

The breach of the Contract could not have occurred until

after the time that the Federal Circuit vacated the GSBCA's decision in May of 1998, because the GSBCA declared the Contract void *ab initio* in February 1996 and the Contract was not reinstated until the Federal Circuit vacated the GSBCA decision, in May 1998. In short, it was not possible for DeCA to breach a nonexistent contract.

Documents responsive to this interrogatory include, but are not limited to, plaintiff's complaint, plaintiff's response and supplemental response to Defendant's First Set of Interrogatory Nos. 13 and 14, Contract DECA01-96-S-0001, its solicitation and amendments to the contract and solicitation; the decision of the GSBCA in A.C. Nielsen Co, et al. v. Defense Commissary Agency, 96-1 BCA ¶ 28,253; the decision of the Court of Appeals for the Federal Circuit, Marketing & Management Information, Inc. v. Beale, Fed. Cir. No. 96-1270; the letter from Edward J. Downey to Larry Hahn, dated June 12, 1998; the decision of the Court of Federal Claims, Marketing and Management Information, Inc. v. United States, 57 Fed. Cl. 665 (2003).