Marketing & Management
INFORMATION, INC

**Confidential Commercial and Financial Information -- not releasable under the FOIA**

November 4, 1996

**Via Facsimile: 804/734-8139**

Mr. Lawrence P. Hahn
Contracting Officer
Acquisition Business Unit (OC/RA)
Defense Commissary Agency
1300 E Avenue
Fort Lee, VA 23801-1800

Dear Mr. Hahn:

As you may already be aware, the Justice Department recently submitted a motion to the Federal Circuit which argued, among other things, that your recent purported "cancellation" of the category management solicitation "effectively terminated" the contract awarded to MMI (Attachment A). We have explained MMI's position to the Federal Circuit (Attachment B). In any case, as we have said before on numerous occasions, from MMI's perspective DeCA's paperwork dispute with the GSA (which DeCA has done nothing in the last eight months to resolve) has no bearing on our contract. Furthermore, among other things, our contract has no clause in it providing for termination for the Government's convenience, so any such termination would be clearly illegal. In light of the revenue projection in MMI's proposal, which DeCA accepted in awarding the contract to MMI, we estimate the damages for DeCA's breach of contract at approximately $100 million. We urge you, once again, to straighten out your own internal problems concerning the contract, and get on with it.

Sincerely,

Edward M. Downey
Chief Operating Officer

Enclosures

cc: Richard E. Beale, Jr.



4800 MONTGOMERY LANE • SUITE 710 • BETHESDA, MD 20814 • (301) 718-7600 • FAX (301) 718-7652

10-17-96P01:28 RCVD

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

---

96-1270

---

MARKETING AND MANAGEMENT INFORMATION, INC.,

Appellant,

v.

MAJ. GEN. RICHARD E. BEALE, JR., DIRECTOR,
DEFENSE COMMISSARY AGENCY,

Appellee,

and

A.C. NIELSEN COMPANY,

and

INFORMATION RESOURCES, INC.,

and

MANAGEMENT SCIENCE ASSOCIATES, INC.,

Intervenors.

---

Appeal From A Decision Of The General Services Board of Contract Appeals In GSBCA Nos. 13466-P, 13469-P, and 13470-P Dated February 23, 1996

---

ORDER

Upon reading and considering appellee's motion to dismiss,

IT IS ORDERED THAT:

The motion is granted. MMI's appeal is dismissed as moot. Each party shall bear its own costs in this appeal.

FOR THE COURT

DATED: ______________________ ______________________________
Washington, D.C.

cc:

William W. Goodrich
Arent, Fox, Kintner, Plotkin & Kahn
1050 Connecticut Ave., N.W.
Washington, DC 20036-5339

Joseph P. Hornyak
Sonnenschein, Nath & Rosenthal
1301 K St., N.W.
Suite 600
Washington, DC 20005

C. Patterson Cardwell
Cohen & White
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, DC 20007

John C. Erickson III
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L. St., N.W.
Washington, DC 20530

Alan Grayson
Suite 300
1568 Spring Hill Rd
McLean, VA 22102

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

MARKETING AND MGMT INFO )
)
v. ) 96-1270
)
DEF COMM AGY )

**APPELLEE'S MOTION TO DISMISS**

Pursuant to Rule 27 of the Federal Circuit Rules, appellee, Maj. Gen. Richard E. Beale, Jr., Director, Defense Commissary Agency ("DeCA"), respectfully requests that the Court dismiss this appeal as moot. Counsel for DeCA has contacted counsel for appellant Marketing and Management Information, Inc. ("MMI") and for intervenors A.C. Nielsen Company, Information Resources, Inc., and Management Science Associates, Inc. regarding this motion. MMI objects and will file a response to this motion. Intervenors A.C. Nielsen Company, Information Resources, Inc., and Management Science Associates, Inc. do not object and will not file a response to this motion.

**I. An Appeal Must Be Dismissed If It Does Not Present An Actual Controversy**

An appeal must present a case of actual controversy to satisfy the "case or controversy" prerequisite for the exercise of Article III Judicial Power. Honig v. Doe, 484 U.S. 305, 317 (1992); Hosiden Corp. v. Advanced Display Mfgs. of Am., 85 F.3d 1561, 1566 (Fed. Cir. 1996). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); accord Hosiden, 85 F.3d at 1566. "When

it is no longer of concern how a case is decided, there is no actual controversy and no basis for continuing the appeal." Hosiden, 85 F.3d at 1566. "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed as moot." Nasatka v. Delta Scientific Corp., 58 F.2d 1578, 1580 (Fed. Cir. 1995) (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992)).

## II. MMI's Appeal Does Not Present An Actual Controversy

MMI's appeal challenges the General Services Administration Board of Contract Appeals' ("GSBCA's") February 23, 1996 decision that granted a series of protests against DeCA's award of Contract No. DECA01-96-S-0001 (the "contract") to appellant MMI. DeCA awarded the contract based upon Solicitation No. DECA01-94-R-0068 (the "solicitation"). The solicitation sought "analytical services to support category management" in DeCA's commissary operations. The GSBCA's decision found that DeCA lacked a Delegation of Procurement Authority to award the contract; accordingly, the GSBCA's decision declared the contract void ab initio in accordance with this Court's decision in CACI, Inc. v. Stone, 990 F.2d 1233 (Fed. Cir. 1993).

On September 30, 1996, DeCA issued amendment 0002 to the solicitation. The amendment stated: "Based on the current and projected needs of the agency, it has been determined that the requirements set forth in this solicitation no longer adequately

describe the needs of the agency. This solicitation is hereby canceled in its entirety." A1.[1]

As established below, MMI's appeal of the GSBCA's February 23, 1996 decision should be dismissed as moot because the appeal no longer presents an actual controversy. DeCA's cancellation of the solicitation makes it impossible for this Court to grant any effectual relief whatever to any prevailing party in this appeal.

If this Court affirmed the GSBCA's February 23, 1996 decision, then that decision would have no effect upon the parties' cognizable legal interests. An affirmance would merely continue to prevent DeCA from awarding a contract pursuant to the solicitation. Because DeCA canceled the solicitation, DeCA already may not award a contract pursuant to the solicitation — regardless of this Court's decision. Therefore, an affirmance would not effect upon the parties' cognizable legal interests.

If this Court sustained MMI's appeal and vacated the GSBCA's February 23, 1996 order, then that decision also would have no effect upon the parties' cognizable legal interests. There are two alternative, independent reasons why a decision sustaining this appeal would not grant any effectual relief to MMI.

First, to the extent that this Court's decision required DeCA to reopen the procurement associated with the solicitation, that decision would have no legal effect upon any parties' legal interests. Because DeCA canceled the solicitation, DeCA plainly

---

[1] "A__" refers to the appendix attached to this motion.

will not award any future contract pursuant to the solicitation. The procurement is cancelled in its entirety. Therefore, the parties to this appeal would occupy the same legal position — parties who will not receive an award pursuant to the solicitation — regardless of whether this Court sustained MMI's appeal.

Second, even if this Court's decision vacated the GSBCA's decision and effectively re-instated MMI as the contract awardee, that decision would not grant any effectual relief to MMI. DeCA's cancellation of the solicitation effectively terminated the (currently-void) contract. The basis for DeCA's cancellation of the solicitation — that the requirements set forth in the solicitation no longer adequately describe the needs of the agency — constructively terminated the contract for the convenience of the Government. The cancellation mandates a termination for convenience because performance of the contract, by definition, would not be in the Government's best interests. Therefore, if this Court's decision re-instated the contract, then, as compelled by the cancellation of the procurement, DeCA would immediately terminate the contract for convenience.[2]

---

[2] MMI has no cognizable interest in maintaining this appeal solely to require DeCA to issue a <u>formal</u> termination for convenience. Performance of the contract was stayed immediately upon award after the intervenors in this appeal filed their protests of the award. Therefore, MMI could not have incurred (continued...)

Accordingly, the parties would occupy the same legal position regardless of whether this Court sustained MMI's appeal. No party would receive the award of the contract; no party would perform or receive any benefits of the contract from the contract.

In sum, this appeal is no different from any other pending appeal that becomes moot upon the cancellation of a solicitation. The cancellation of a solicitation following the award of a contract plainly moots the appeal of a decision granting a protest regarding that award. PRC, Inc. v. Widnall, 64 F.3d 644, 645 (Fed. Cir. 1995). Accordingly, DeCA respectfully requests that the Court grant this motion and dismiss the appeal in an order that specifies that each party shall bear its own costs in this appeal.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

DAVID M. COHEN
Director

Sharon Y. Eubanks
SHARON Y. EUBANKS
Deputy Director

---

[2](...continued)
any costs that are reimbursable pursuant to the termination for convenience clause.

John C. Erickson III

JOHN C. ERICKSON III
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0282

October 15, 1996

Attorneys for Appellee

APPENDIX

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE | PAGE 1 OF PAGES 1

2. AMENDMENT/MODIFICATION NO. 0002

3. EFFECTIVE DATE 9-30-96

4. REQUISITION/PURCHASE REQ. NO. ANALYT00949214

5. PROJECT NO. *(If applicable)*

6. ISSUED BY CODE

DEFENSE COMMISSARY AGENCY
ACQUISITION BUSINESS UNIT
EQUIPMENT/SUPPLY DIVISION (OC/RAE)
1300 E AVENUE
FORT LEE, VA 23801-1800

7. ADMINISTERED BY *(If other than Item 6)* CODE

8. NAME AND ADDRESS OF CONTRACTOR *(No., street, county, State and ZIP Code)*

(✓) 9A. AMENDMENT OF SOLICITATION NO.

X DECA01-94-R-0068

9B. DATED *(SEE ITEM 11)* 6-1-95

10A. MODIFICATION OF CONTRACT/ORDER NO.

10B. DATED *(SEE ITEM 13)*

CODE | FACILITY CODE

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☒ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☒ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA *(If required)*

NO FUND CITATION

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

(✓) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: *(Specify authority)* THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES *(such as changes in paying office, appropriation date, etc.)* SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

D. OTHER *(Specify type of modification and authority)*

E. IMPORTANT: Contractor ☐ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION *(Organized by UCF section headings, including solicitation/contract subject matter where feasible.)*

A. Based on the current and projected needs of the agency, it has been determined that the requirements set forth in this solicitation no longer adequately describe the needs of the agency. This solicitation is hereby canceled in its entirety.

B. No acknowledgment of this amendment is required.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER *(Type or print)*

16A. NAME AND TITLE OF CONTRACTING OFFICER *(Type or print)*

15B. CONTRACTOR/OFFEROR

BY ______ *(Signature of person authorized to sign)*

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA

BY ______ *(Signature of Contracting Officer)*

16C. DATE SIGNED

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105

This form was electronically produced by Elite Federal Forms, Inc.

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

TOTAL P.11

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on October 15, 1996, I caused to be served by United States mail (first class, postage prepaid) copies of the foregoing "APPELLEE'S MOTION TO DISMISS" addressed as follows:

William W. Goodrich, Esq.
Arent, Fox, Kintner, Plotkin & Kahn
1050 Connecticut Ave., N.W.
Washington, DC 20036-5339

Joseph P. Hornyak, Esq.
Sonnenschein, Nath & Rosenthal
1301 K St., N.W.
Suite 600
Washington, DC 20005

C. Patteson Cardwell, Esq.
Cohen & White
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, DC 20007

Al Grayson
Suite 300
1568 Spring Hill Rd
McLean, VA 22102

Phyllis R. Marsh

154-F96-275