**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MARKETING AND MANAGEMENT INFORMATION, INC., Plaintiff, | ) | No. 99-194C (Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S OBJECTIONS TO THE GOVERNMENT'S**
**<u>LISTS OF WITNESSES AND EXHBITS</u>**

Pursuant to RCFC App. A, ¶ 14(a)(3), Plaintiff Marketing and Management Information, Inc. ("MMI") respectfully notes the following objections with respect to the witnesses and exhibits that the Government listed in the disclosures it made to MMI, pursuant to RCFC App. A, ¶ 13(a), (b), on August 3, 2004.

***<u>Witnesses</u>*:** MMI conditionally objects to two witnesses appearing on Defendant's Witness List: Melissa A. Rios and George W. Herndon, III. According to the Witness List, both Mr. Rios and Mr. Herndon would testify, "should the need arise," about their "responsibilities as contract specialist[s] with respect to [certain] scanner data license agreements" and the payments made by licensees thereunder. Neither Ms. Rios nor Mr. Herndon were identified as potential witnesses during discovery, and MMI has therefore not had the opportunity to depose either witness. Counsel for the Government has indicated in conversations with counsel for MMI that the sole purpose of Ms. Rios' and Mr. Herndon's testimony would be to lay the foundation for the admission of certain documentary exhibits. In the event that the Government identifies all exhibits with respect to which these witnesses are intended to provide foundation testimony, and fur-

ther demonstrates the relevance of such exhibits to the matters at issue in this case, MMI may be in a position to withdraw its objection to the testimony of Ms. Rios and Mr. Herndon, or even to obviate the need for their testimony by stipulating to the admissibility of the exhibits at issue. In any event, MMI would continue to object to any effort by these witnesses to offer substantive testimony.

***Exhibits*:** Following their exchange of exhibit lists on August 3, the parties agreed that discussions of possible objections to exhibits would be facilitated by the exchange of the exhibits themselves. The parties therefore agreed to exchange copies of their respective exhibits by the end of this month, after which the parties will attempt to resolve, to the extent possible, any issues regarding the admissibility of such exhibits. In light of the parties' agreement to exchange exhibits before resolving potential objections to exhibits, MMI has not yet been able to formulate and to inform the Court of objections to the Government's proposed exhibits. In the event that the parties are unable to resolve all issues pertaining to the Government's potential exhibits, MMI will expeditiously file any objections it may have to those exhibits.

MMI does note that the Government has listed on its exhibit list (as DX 585 through 589) five depositions that it apparently intends to present as substantive evidence. Because the Court's rules contemplate that a party intending to present substantive evidence as deposition testimony file a motion for leave to file a transcript of that testimony rather than simply list the deposition testimony as an exhibit, *see* RCFC App. A., ¶ 15(b), and because the Government has not yet filed such a motion supporting its apparent intent to present this deposition testimony as substantive evidence, MMI does not believe that it must, at this time, formulate a position as to whether such a motion should be granted or whether the deposition testimony should otherwise be admitted. To the extent that MMI needs to state a position on this issue at this time, before

having seen any stated justification for the admission of such testimony as evidence, MMI objects to these exhibits, and notes that (1) none of the proffered depositions were actually taken in this case; (2) two of the deponents at issue were employees of DeCA at the time their depositions were taken (and there is thus no conceivable justification under either RCFC 32(a) or FRE 801(d) for the admission of such testimony); (3) one of the deponents at issue will likely be called as a trial witness by MMI; (4) the Government has made no showing of why it could not call any of these deponents as witnesses at trial, and thus provide MMI with the ability to cross-examine such witnesses.[1]

August 27, 2004

Respectfully submitted,

/s/ Charles J. Cooper
CHARLES J. COOPER
COOPER & KIRK, PLLC
1500 K Street, NW
Suite 200
Washington, DC 20005
(202) 220-9600
*Counsel of Record for Plaintiff*

*Of Counsel*:
Vincent J. Colatriano
Derek Shaffer
Nikki Chtaini
COOPER & KIRK, PLLC
1500 K Street, NW
Suite 200
Washington, D.C. 20005
(202) 220-9600

[1] Should the Court ultimately allow the Government to file the designated deposition transcripts, MMI reserves the right to counter-designate additional deposition transcripts pertaining to the same subject matters.